UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 6:22-CR-00064** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **WAYNE CLARK** | **MAGISTRATE JUDGE KATHLEEN KAY** |

## ORDER

Before the Court is a MOTION FOR COMPASSIONATE RELEASE (the "Motion") filed by Petitioner Wayne Clark ("Clark") seeking a reduction of his 120-month sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 120]. The Motion is opposed by the government. [Doc. 121]. For the reasons set forth below, the Motion is DENIED.

### BACKGROUND

On November 30, 2023, Clark pled guilty to Possession with Intent to Distribute Controlled Substances pursuant to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). On March 15, 2023, he was sentenced to 120 months imprisonment followed by three years of supervised release. [Doc. 109]. The Court ordered that the defendant self-surrender by April 28, 2023, to begin execution of his sentence. Clark is presently serving his sentence at FCI-Talladega. His projected release date is November 30, 2032. After serving only four months of his sentence, Clark now seeks compassionate release due to certain medical conditions.

### LAW AND ANALYSIS

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited

circumstances." *Dillon v. United States*, 560 U.S. 817, 824, (2010). 18 U.S.C. § 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(i) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);

(ii) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or

(iii) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Prior to 2018, only the Director of the Bureau of Prisons ("BOP") had the authority to file compassionate release motions under Section 3582(c)(1)(A). However, in 2018, the First Step Act was enacted which amended the compassionate release process to allow prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(i) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or

(ii) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."
18 U.S.C. § 3582(c)(1)(A).

Here, Clark states that he properly applied for administrative relief, but did not receive a disposition from BOP within the required 30 days. Although he attached a document to the Motion that appears to be an administrative request, the government contends in its opposition that FCI-Talladega has no record of Clark's alleged compassionate release request. [Doc. 121, p. 4]. As such, either Clark is making a misrepresentation to the Court in this regard or there has been a clerical error at FCI-Talladega. Regardless, the Court finds that Clark is not entitled to relief on the merits.

Under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce a sentence only "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). As recently explained by the Fifth Circuit, "prisoners can seek relief under § 3582(c)(1) only when they face some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner." *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023).

Clark argues in his Motion that certain medical conditions, including chronic obstructive pulmonary disease (COPD), sleep apnea, "wheelchair confinement," glaucoma, vertigo, anxiety, and depression, warrant consideration for compassionate release. [Doc. 120]. Clark posits – among other things – that these health conditions make him more vulnerable to COVID-19 and that BOP does not provide him with sufficient pain medication to manage his discomfort. He further explains how his limited mobility causes him difficulty getting around the prison facilities.

After due consideration, the Court finds that these arguments do not constitute "extraordinary and compelling" circumstances justifying a reduced sentence because, first and foremost, the Court was aware of Clark's claimed physical infirmities at the time of sentencing and took them into account in crafting an appropriate sentence. And to the extent Clark's mobility limitations have changed since his sentencing, this does not constitute an "extraordinarily severe exigency" beyond the capability of BOP to appropriately handle. The Court further finds that a reduced sentence in this case is not warranted in consideration of the sentencing factors listed in 18 USC § 3553(a).

## CONCLUSION

Based on the foregoing reasons, Clark's MOTION FOR COMPASSIONATE RELEASE [Doc. 120] is DENIED.

THUS, DONE AND SIGNED in Chambers this 29th day of August 2023.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE